# United States District Court

7-6-00
fte

SOUTHERN _____ DISTRICT OF _____ FLORIDA

UNITED STATES OF AMERICA

V.

FABIO RUIZ

(Name and Address of Defendant)

## CRIMINAL COMPLAINT

CASE NUMBER: 00-4170-BSS

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about July 6, 2000 in Broward county, in the Southern District of Florida defendant(s) did, (Track Statutory Language of Offense)

Knowingly and intentionally conspire to possess with intent to distribute a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of heroin and knowingly and intentionally posses with intent to distribute a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of heroin,

in violation of Title 21 United States Code, Section(s) 846 and 841(a)(1)

I further state that I am a(n) Special Agent and that this complaint is based on the following facts:
Official Title

Please see attached affidavit.

Continued on the attached and made a part hereof: [x] Yes [ ] No

Signature of Complainant
NOBLE HARRISON
(Special Agent, Drug Enforcement Administration)

Sworn to before me, and subscribed in my presence,

July 6, 2000 at Fort Lauderdale, FL
Date                              City and State

BARRY S. SELTZER
U.S MAGISTRATE JUDGE
Name and Title of Judicial Officer

**A F F I D A V I T**

I, Noble Harrison, being first duly sworn, do hereby depose and state as follows:

1. I am a Special Agent with the Drug Enforcement Administration (DEA) and have been so employed for the past five years. My responsibilities as a DEA Agent include the investigation of narcotics violations. As a DEA Agent, I have participated in numerous investigations involving the illegal trafficking of cocaine, heroin and marijuana in the United States.

2. The facts contained in this affidavit are based on my own personal knowledge, as well as observations and facts related to me by other law enforcement personnel in this investigation.

3. On July 3, 2000, at approximately 6:00PM, Fabio RUIZ arrived in Miami, Florida from Colombia with his wife and child on Aces Airlines for vacation. Upon arrival, RUIZ and his family checked into the Howard Johnson Hotel, Room #2283, in Miami Beach, Florida

4. On July 4, 2000, RUIZ and his family met a Colombian male who identified himself as "BRANDO", while on the Beach in South Beach. BRANDO and RUIZ struck up a conversation, which eventually turned to a discussion about drugs. BRANDO asked RUIZ if he would be interested in making some money while in the United States, to which RUIZ

replied that he would.  BRANDO then told RUIZ that he, BRANDO, would pay RUIZ $5,000.00 to transport 600 grams of heroin from Miami to New York.  RUIZ agreed with BRANDO at that time to make the trip.

5.  On the evening of July 5, 2000, BRANDO arrived at RUIZ's hotel room and handed RUIZ a paper tissue box, in which was concealed approximately 600 grams of heroin.  RUIZ took the tissue box and placed it inside of his suitcase.

6.  On the morning of July 6, 2000, BRANDO arrived at RUIZ's hotel room, picked up RUIZ and his family, and drove them to the Fort Lauderdale/Hollywood International Airport.  Once at the airport, BRANDO made a cash purchase of four one way tickets for himself, RUIZ and his family, for Spirit Airlines flight 600, which was scheduled to depart from Fort Lauderdale and travel to New York City at 7:30AM.

7.  After purchasing the tickets, BRANDO, RUIZ, and his family, proceeded to the gate, where Broward County Domestic Interdiction Unit(DIU)Detectives Jose Interian and Robert Wolfkill were working.  At that time, Detectives Interian and Wolfkill observed BRANDO to be acting in a suspicious manner, by looking around the terminal nervously while adjusting RUIZ's child's shirt.  Detectives Interian and Wolfkill then observed that BRANDO was looking at them with a look of concern on his face.  At that time, Detectives

Interian and Wolfkill approached BRANDO, identified themselves as police officers, and asked if they could speak with him. BRANDO agreed to speak with the Detectives and gave them consent to search his bag and person. While interviewing BRANDO about his travel and association with RUIZ, BRANDO made several conflicting statements, further arousing the suspicions of the Detectives. At the time of this encounter BRANDO was in possession of a Colombian passport, which identified him as Hildebrando Cordoba Uscategui.

8. Upon searching BRANDO and his person, Detective Wolfkill found him to be in possession of approximately $5,000.00 dollars U.S. currency. While Detective Wolfkill searched BRANDO and his bag, Detective Interian approached RUIZ, identified himself as a police officer, and asked if he could speak with him. RUIZ agreed to speak with Detective Interian and gave consent for the search of his bags, which had already been checked. Detective Interian interviewed RUIZ regarding his travel and association with BRANDO at which time RUIZ made several conflicting statements.

9. Detective Interian then left to retrieve RUIZ's checked baggage and left Detective Wolfkill with RUIZ and BRANDO. Detective Interian located RUIZ's bag, searched it,

3

and discovered the approximately 600 grams of heroin in the tissue box. Detective's Interian and Wolfkill then placed RUIZ under arrest and took him to the DIU office. A search of RUIZ's person, yielded a claim check ticket # 25-65-69, which matched the ticket affixed to RUIZ's bag which had been found by the detectives to contain the tissue box in which the heroin had been discovered. In the interim, BRANDO departed the area leaving his bag behind.

      10. Subsequent to his arrest, RUIZ was administered his Miranda warnings by the detectives in the Spanish language and, after waiving those rights, provided a written confession and made verbal statements outlining and admitting to the above facts set forth in paragraphs one through seven of this affidavit.

11. Wherefore, your affiant submits that there is probable cause to believe that BRANDO and RUIZ knowingly and intentionally conspired with each other to possess with intent to distribute heroin and knowingly and intentionally possessed heroin with intent to distribute, in violation of Title 21, United States Code Sections 846 and 841(a)(1).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
NOBLE HARRISON, SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

Sworn and subscribed to me this 6th day of July, 2000.

_____
BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE

5