UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6191-CR-DIMITROULEAS
Magistrate Judge Seltzer

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FABIO RUIZ-ROJAS,

    Defendant.

_____/

### AMENDED
### MOTION FOR DOWNWARD DEPARTURE
### AND MEMORANDUM OF LAW

The Defendant, Fabio Ruiz-Rojas, through counsel, files this Motion for Downward Departure and Memorandum of Law, states;

As accurately represented in the PreSentence Investigation Report in the "Offense Conduct" paragraphs of the Report, Defendant Ruiz-Rojas was a courier. Upon his arrival at the Fort Lauderdale International Airport, the Defendant was approached by law enforcement officers who were conducting surveillance of the terminal. The officers initially contacted an individual who identified himself as Brando. Additional questioning established that his true identity was Hildebrando Cordoba Uscategui. Law enforcement continued to question "Brando" regarding his activities. "During questioning about his travel and association with the Defendant, Brando made several conflicting statements, further arousing the suspicions of the detectives." (PreSentence



Investigation Report, paragraph 6). "Upon being searching Brando, Detective Wolfkill found him to be in possession of approximately $5,000.00 in United States currency." (PreSentence Investigation Report, paragraph 6).

Law enforcement then directed their attention to Defendant Ruiz-Rojas. He was approached and questioned regarding this relationship with Brando. Defendant Ruiz-Rojas permitted the officers to search his person and checked luggage. While Detective Iterian "was acquiring Defendant Ruiz-Rojas' checked bag, Uscategui (Brando) fled the area." (DEA 6, page 03). The source of the heroin was permitted to escape police custody while Defendant Ruiz-Rojas and his family were detained. Upon further contact with law enforcement, Defendant Ruiz-Rojas immediately cooperated with the officers. He gave a statement to the officers immediately upon executing the Spanish Waiver of Rights form.

## MITIGATING ROLE

Defendant Ruiz-Rojas requests an adjustment to the base offense level for his mitigating role in the offense pursuant to U.S.S.G. § 3B1.2. Section 3B1.2 provides as follows:

Based on the defendant's role in the offense, decrease the offense level as follows:

(a)  If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.

(b)  If the defendant was a minor participant in any criminal activity, decrease by 2 levels.

In cases falling between (a) and (b), decrease by 3 levels.

The Defendant requests that the Court reduce the offense level by four levels because he was a minimal participant in the subject of this offense. Unindicted co-conspirator "Brando" was clearly

2

the contact person for the distribution of heroin from Fort Lauderdale, Florida to the New York, New York. He possessed the financial resources to purchase four tickets with cash on the morning of the flight. At the time of his search, Brando had $5,000.00 in twenty dollar bills on his person. The mere act of purchasing the tickets establishes that he was in charge of this venture. Additional evidence supporting his role in this offense was his ability to outsmart law enforcement by fleeing the airport terminal shortly after six thirty in the morning. Brando had the narcotics, he had the money to finance the operation and he was astute enough to flee at the moment law enforcement let down their guard.

Brando was successful in identifying a willing but nevertheless foolish individual to participate in his misdirected scheme. His ability to vanish before the eyes of law enforcement may arguably be interpreted as the actions of an extremely experienced and sophisticated smuggler, who had planned for this identical situation. Brando was the source of the heroin or knew the source. He made the plans and provided the instructions to Ruiz-Rojas for the delivery.

Without argument, Defendant Ruiz-Rojas possessed the narcotics and was going to deliver the contraband. His greed to make a "quick buck" ultimately led to his arrest. His possession of heroin will mandate a period of incarceration.

The government cannot contest any of the actions of Defendant Ruiz-Rojas. Law enforcement is aware of his arrival in South Florida with his family. Law enforcement was aware of his travel plans to New York City. The government does not possess one scintilla of evidence to refute the Defendant's claim that he was minimally involved.

U.S.S.G. § 3B1.1, comment (n.1). In essence, the Guidelines require the trial court to consider all the criminally culpable participants in the criminal scheme, even those who were not

3

caught. As the Eleventh Circuit has stressed, a trial court must look to all the relevant conduct of the necessary participants in the underlying scheme, not simply the elements in the indictment. United States v. Costales, 5 F.3d 480, 484 (11th Cir. 1993) (emphasis added). The Guidelines specifically direct courts to make individual determinations in each case, and the trial court must consider the defendant's conduct in relationship to the participants involved in the criminal activity. See U.S.S.G. Ch 3, Part B, Introductory Commentary: U.S.S.G. § 1B1.3.

It appears extremely problematical for the Government to deny that Ruiz-Rojas was working for Brando, thus he was a minimal participant in the offense. The facts indicate that Defendant Ruiz-Rojas lacked the knowledge and understanding of the full scope and understanding of Brando and potentially others.

The Guidelines provide that this lack of knowledge and understanding is indicative of his role as a minimal participant. U.S.S.G. § 3B1.2, Application Note 1.

In the alternative, Defendant Ruiz-Rojas was a minor participant and should receive a two or three level downward adjustment. Application Note 3 of § 3B1.2 provides that a "...minor participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, Application Note 3. The key to the inquiry is relative culpability: was the Defendant less culpable than most other participants? The Court must consider the culpability of all persons involved in the offense, including the person who recruited and provided the cocaine for transport, the source of drugs, and the destination of the drugs.

It appears that there were other individuals involved in this offense besides "Brando" who escaped the focus of law enforcement. Had the elusive "Brando" been arrested while in the presence of Detectives Interian and Wolfkill, conceivably the source of the heroin may now be in custody.

4

Instead, law enforcement arrested the lowest level of the group, the courier. The opportunity to develop a far reaching (potentially) historical conspiracy vanished when "Brando" fled the terminal.

Based on a comparison of the Defendant's culpability to that of "Brando" and other unindicted co-conspirators he is far less culpable than most. Consequently, at a minimum, a two level reduction under § 3B1.2 is warranted. Cf. United States v. Valise, 83 F.3d 380, 381-82 (11th Cir. 1996) (noting that "the act of transporting illegal drugs, in and of itself, cannot, as a matter of law, preclude a defendant from receiving a downward adjustment based on his role in the offense."). The fundamental holding of Valise was reiterated in United States v DeVaron, 175 F.3d 930 (11th Cir.1999) (en banc). "Simply put, "the Court explained, "the drug courier may or may not qualify for a minor role reduction." Id at 942. The decision rests with the discretion of the sentencing court, and the appellate court will accord "deference to the district court's discretion in this uniquely fact-intensive inquiry." Id. at 940. Accordingly, a sentencing court's determination will be disturbed on appeal only where there is a clear error. Id. at 938.

Counsel has been unable to contact Assistant United States Attorney Randy Hummel to obtain his position on this motion.

5

WHEREFORE, the Defendant, Fabio Ruiz-Rojas requests that the Court grant his Motion For Downward Departure for the reasons set forth above.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: *(signature)*

Robert N. Berube
Supervisory Assistant
Federal Public Defender
Florida Bar No. 304247
Attorney for Defendant
101 N.E. 3rd Avenue, Suite 202
Fort Lauderdale, Florida 33301
(954) 356-7436 / (Fax) 356-7556

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the aforementioned motion was mailed on this 23 day of October, 2000, to Randy Hummel, Assistant United States Attorney, 299 East Broward Boulevard, Fort Lauderdale, Florida 33301 and Jessica Kirby, United States Probation Office, 300 N.E. First Avenue, Room 315, Miami, Florida 33132-2126.

*(signature)*
Robert N. Berube

6