**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No.   00-6191-CR-DIMITROULEAS

United States of America,

      Plaintiff,

vs.

Fabio Ruiz,

      Defendant.

_____/

### GOVERNMENT'S RESPONSE IN OPPOSITION TO
### DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE

The United States, by and through its undersigned counsel, hereby files its response in opposition to the defendant, Fabio Ruiz's Motion for Downward Departure. In support thereof the government would state as follows:

1.    On August 15, 2000, defendant entered a plea of guilty to Count Two of the Indictment returned in this cause (Conspiracy to Possess with Intent to Distribute in excess of 500 Grams of Heroin, in violation of 21 U.S.C. Section 846).

2.    The admitted facts underlying the defendant's plea consist of the following:

a..  On July 3, 2000, defendant arrived in Miami, Florida, accompanied by his wife and young child, from Colombia, South America, allegedly for a family holiday in the United States. Upon arrival in Miami, defendant and his family checked into a Miami Beach hotel.

b.  The following day, while on South Beach, defendant struck up a conversation with "Brando" (Hildebrando Uscategui), a fellow Colombian national. During the course of this conversation the subject of narcotics eventually arose and Brando suggested that defendant could make some money by transporting Heroin from South Florida to New York City. Brando



specifically offered defendant the opportunity to make $5,000 in exchange for transporting about 600 grams of Heroin. Defendant immediately agreed to do so.

    c. One day later Brando brought the drugs to defendant's hotel room. Defendant took the drugs from Brando and secreted them inside his own suitcase.

    d. The following morning, July 6, 2000, Brando returned to defendant's hotel, picked up defendant and his family, and drove them to the Fort Lauderdale Airport. Once at the airport Brando purchased tickets for defendant, himself, defendant's wife and defendant's child.

    e. After proceeding to the departure gate the activities of both defendant and Brando aroused the suspicions of local drug interdiction detectives. In the course of that encounter the $5,000 cash payment was found and seized from Brando and the drugs were eventually located in defendant's suitcase. While the detectives attempted to retrieve defendant's checked baggage and before the discovery of the drugs Brando managed to elude the detectives and disappeared from the airport.

    f. Following being confronted with the discovery of the drugs and proper administration and waiver of <u>Miranda</u> warnings, defendant confessed to his participation in the smuggling venture and provided the information set forth above.

    g. Later efforts to attempt to locate Brando by law enforcement have, to date, been unsuccessful.

3. Four days prior to his sentencing defendant has now asserted that his criminal culpability in the instant case merits a mitigating role adjustment and urges this Court to award him a four level downward adjustment for his alleged "minimal role" in his crime of conviction. Said motion is opposed by the U.S. Probation Office and by the government.

MEMORANDUM OF LAW

Defendant Ruiz challenges the PSI's refusal to find that he played a minor role in the offense, which recommends denial to him of either a four level or a two-level downward adjustment pursuant to USSG § 3B1.2. He maintains that the PSI disqualifies him from the minimal or minor role adjustment without taking into account his courier status and without considering the facts presented by him about the other participants. There is no merit to defendant's contentions.

A "minor" participant is defined as "a participant who is less culpable than most other participants, but whose role could not be described as "minimal." USSG § 3B1.2(b), comment (n. 3). The commentary to § 3B1.2 defines a "minimal" participant as one who is plainly the "least culpable of those involved in the *conduct of a group*." USSG § 3B1.2(a), comment (n. 1). (emphasis added). Moreover, the defendant bears the burden of proving that he was substantially less culpable than the average participants engaged in the offense. United States v. Rodriguez De Varon, 175 F.3d 930, 938-941 (11th Cir. 1999) (en banc). Defendant does not meet this burden and the court, therefore, should properly deny his request for either a minimal or a minor role reduction.

In considering whether a defendant qualifies for a minor role adjustment the district court may consider any fact related to defendant's conduct as a courier in a drug importation scheme, including his status and assigned tasks. Rodriguez De Varon, 175 F.3d at 942-43; see also United States v. Campbell, 181 F.3d 1263 (11th Cir. 1999). If the drug courier's relevant conduct is limited to his act of importation, the district court may conclude that he played an important or essential role

3

in importation, and deny him a minor role adjustment. Rodriguez De Varon, 175 F.3d at 942. In Rodriguez De Varon, 175 F.3d at 944, this Court specifically explained that "[o]nly if defendant can establish that he or she played a relatively minor role in the conduct for which he or she has already been held accountable, as opposed to a minor role in any larger criminal conspiracy, should the district court grant a downward adjustment for minor or minimal role in the offense." Id. at 944.

Here, defendant is being held accountable only for his own acts of smuggling heroin from South Florida to New York. (PSI, ¶¶ 5,14). His role in the heroin smuggling was vital. He performed the central act of willingly transporting a substantial amount of heroin, more than half a kilogram, to its target market area (PSI, ¶¶ 4-5, 14). Where a defendant in an alleged drug smuggling conspiracy plays a role essential to delivering those drugs to their target market, his role is not "minor." See Rodriguez De Varon, 175 F.3d at 941; Campbell, 181 F.3d at 1263. Accordingly, even if defendant were a mere courier and not the source of the heroin or in control of the smuggling operation, he was still a willing and key participant in a plan to smuggle a significant amount of heroin and is not entitled to treatment as a "minor" participant.

Defendant's argument about the relative culpability of all the participants in the smuggling scheme is flawed as well. The PSI properly holds defendant accountable only for the act of smuggling the heroin which he personally transported for an expected payment of $5,000. As a result, the PSI reflects that defendant's role was more than minor. In Rodriguez De Varon, a factually similar drug courier case, the Eleventh Circuit explained in its en banc opinion that "[w]here the relevant conduct attributed to a defendant is identical to her actual conduct, she cannot prove that she is entitled to a minor role adjustment simply by pointing to some broader criminal scheme in which she was a minor participant but for which she was not held accountable."

4

Rodriguez De Varon, 175 F.3d at 941. In that case Rodriguez De Varon pled guilty to importing 512 grams of heroin. Id. at 934. Before departing Colombia, Rodriguez De Varon was approached by a woman, only identified as "Nancy," who offered her $6,000, in addition to $1,350 for travel expenses, to smuggle heroin into the United States. Id. at 934-35. Rodriguez De Varon pled guilty and received a two-level in her offense level for meeting the "safety valve" criteria, but was denied a minor role reduction. Id. This Court upheld the district court's determination. Id. at 936. As in Rodriguez De Varon, the PSI correctly reflects the relative culpability of the defendant.

Defendant argues that it is self evident, simply by virtue of the existence of Brando, that he was a minimal participant in the heroin smuggling venture afoot in this case. (Memorandum at 4). This argument is fundamentally flawed. The undisputed facts in this case sufficiently reflect defendant's keen understanding of the scope and nature of the offense for which he is being held accountable, the possession of the drugs he personally secreted in his own suitcase. Indeed, his own post-arrest statements outline step-by-step the entire transaction and his complete knowledge of the compensation or "reward" expected by him for his illegal acts. In De Varon, the Eleventh Circuit made clear that a defendant's role is not, as is argued here by Ruiz, determined on the basis of criminal conduct of others for which he is not being held accountable at sentencing. Id at 941. Furthermore, Application Note 2 to Section 3B1.2 expressly notes the infrequency with which the Sentencing Commission expects such an adjustment to be applicable. Taking all the facts and circumstances into account, the PSI is well supported in determining that defendant's statements and his counsel's arguments do not establish by a preponderance of the evidence that entitlement to any mitigating role adjustment.

CONCLUSION

For the foregoing reasons, the United States respectfully submits that the defendant's Motion for Downward Departure should be denied by this Honorable Court and that his guideline Total Offense Level should remain as recommended by the U.S. Probation Office in the Presentence Investigation Report.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

BY: _____
RANDY A. HUMMEL
ASSISTANT U.S. ATTORNEY
Florida Bar No. 973378
500 E. Broward Boulevard, Suite 700
Fort Lauderdale, Florida 33394
Telephone: (954) 356-7255x3520
Facsimilie: (954) 356-7228
E-Mail Address: Randy Hummel@justice.usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was mailed this 25th day of October 2000

to:

Robert N. Berube
Supervisory Assistant Federal Public Defender
101 NE 3rd Avenue, Suite 202
Fort Lauderdale, FL 33301

Jessica Kirby
United States Probation Office
300 NE 1st Avenue, Room 315
Miami, FL 33132-2126

RANDY A. HUMMEL
ASSISTANT U.S. ATTORNEY