B1.10

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE No.  00-6191-CR-DIMITROULEAS**

UNITED STATES OF AMERICA,

                Plaintiff,

v.

FABIO RUIZ,

                Defendant.



FILED by _____ D.C.

JUN 03 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## MOTION FOR REDUCTION OF SENTENCE UNDER RETROACTIVE GUIDELINE AMENDMENT PURSUANT TO TITLE 18 U.S.C. §3582(c)(2)

Comes now, FABIO RUIZ, Defendant, and asks this Honorable Court to reduce his sentence pursuant to the retroactive amendment to the United States Sentencing Guidelines, all pursuant to Title 18 U.S.C. §3582 (c)(2) and the following.

### JURISDICTION

1.  Pursuant to Title 18 U.S.C. §3582(c)(2): "in the case of a defendant who has been sentenced to a term of imprisonment based on a range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. §944(o)" that defendant may petition the sentencing court at that time to request a reduction or consideration for reduction of his term in accordance with the modified Guideline when that amendment is made retroactive, as here.

2.  In **United States v. Glinton**,    F.3d 1245, 1249 (11th Cir. 1998) the Eleventh Circuit held that "when, after a defendant has been sentenced, a guideline amendment occurs under circumstances in which the defendant becomes elegible for, but not automatically

-1-