UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 00-6191-CR-WPD

United States of America,

    Plaintiff,

vs.

Fabio Ruiz,

    Defendant.
_____/

NIGHT BOX
FILED

JUN 13 2002

CLARENCE MADDOX
CLERK, USDC/SDFL

## Government's Response in Opposition to Defendants' Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)

The United States of America, by and through its undersigned Assistant United States Attorney submits the foregoing response in opposition to the defendant's *pro se* motion for reduction of sentence. In support thereof the government would state as follows:

### Introduction

Defendant seeks to have his sentence vacated and to be resentenced, asking this Court to "consider [his] role in the overall offense and find that his was a minimal or minor role suited for a mitigating reduction" (Motion at p.4). Defendant bases the instant motion on 18 U.S.C. § 3582(c)(2) which provides, as an exception to § 3582's general prohibition against modifying a term of imprisonment once imposed, that "in the case of a defendant who has been sentenced to a term of imprisonment based on a ***sentencing range that has been subsequently lowered*** by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the



Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment..." (Emphasis added).

According to defendant, the Sentencing Commission's November 2001 amendment (635) to § 3B1.2 (Mitigating Role ), which adopted the Eleventh Circuit's precedent of *United States v. Rodrguez De Varon*, 175 F.3d 930 (11th Cir.1999)(*en banc),*, qualifies as such an amendment of the guidelines. Defendant's argument has no legal merit and said Motion should be denied. In any event, at the time of defendant's sentencing the propriety of a mitigating role adjustment pursuant to *Rodriguez De Varon* was litigated before this Court and the Court granted defendant a two level minor role mitigating adjustment to his offense level. Therefore, even assuming an arguable jurisdictional basis to entertain defendant's motion, it is moot as to defendant's request for minor role consideration and, as to his request to be considered for a minimal role adjustment , barred by law of the case and *res judicata* principles.

## Facts

On August 15, 2000, defendant entered a plea of guilty to Count Two of the Indictment returned in this cause (Conspiracy to Possess with Intent to Distribute in excess of 500 Grams of Heroin, in violation of 21 U.S.C. § 846). The admitted facts underlying the defendant's plea consist of the following:

> A.   On July 3, 2000, defendant arrived in Miami, Florida, accompanied by his wife and young child, from Colombia, South America, allegedly for a family holiday

in the United States. Upon arrival in Miami, defendant and his family checked into a Miami Beach hotel.

B.  The following day, while on South Beach, defendant struck up a conversation with "Brando" (Hildebrando Uscategui), a fellow Colombian national. During the course of this conversation the subject of narcotics eventually arose and Brando suggested that defendant could make some money by transporting Heroin from South Florida to New York City. Brando specifically offered defendant the opportunity to make $5,000 in exchange for transporting about 600 grams of Heroin. Defendant immediately agreed to do so.

C.  One day later Brando brought the drugs to defendant's hotel room. Defendant took the drugs from Brando and secreted them inside his own suitcase.

D.  The following morning, July 6, 2000, Brando returned to defendant's hotel, picked up defendant and his family, and drove them to the Fort Lauderdale Airport. Once at the airport Brando purchased tickets for defendant, himself, defendant's wife and defendant's child.

E.  After proceeding to the departure gate the activities of both defendant and Brando aroused the suspicions of

local (BSO) drug interdiction detectives. In the course of that encounter the $5,000 cash payment was found and seized from Brando and the drugs were eventually located in defendant's suitcase. While the detectives attempted to retrieve defendant's checked baggage and before the discovery of the drugs Brando managed to elude the detectives and disappeared from the airport.

F.  Following being confronted with the discovery of the drugs and proper administration and waiver of *Miranda* warnings, defendant confessed to his participation in the smuggling venture and provided the information set forth above.

Four days prior to his sentencing defendant asserted that his criminal culpability in the instant case merited a mitigating role adjustment and urged this Court to award him a four level downward adjustment for his alleged "minimal role" in his crime of conviction (DE 22, 23). Said motion was opposed by the U.S. Probation Office and by the government, who filed a response in opposition to defendant's request (DE 25). Both the defendant and the government cited the *Rodriguez De Varon* decision to the Court (DE 22, 23, 25).

At defendant's sentencing hearing this Court reviewed the uncontested facts outlined in defendant's Presentence Investigation Report (PSI) and entertained argument from both the defendant and the government on the issue of the propriety

of a mitigating role adjustment. The Court denied defendant's request for a minimal role adjustment but granted him a minor role adjustment, reducing defendant's offense level by two levels. The Court memorialized its decision on the role adjustment issue in its written Judgment on page 7 (Statement of Reasons) (DE 27).

## Argument

Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) of U.S.S.G. § 1B1.10 that lowers the applicable guideline range. *See Application Note 1*, U.S.S.G. § 1B1.10. "If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized." Section 1B1.10(a). Amendment 635, the amendment cited by defendant, is not one of the enumerated amendments in § 1B1.10(c). Thus the reduction in defendant's sentence that he seeks pursuant to § 3582(c)(2) is not authorized.

In any event, as noted *infra*, the issue of a mitigating role adjustment was litigated before and adjudicated by this Court at the time of defendant's sentencing hearing. At the time of that hearing defendant was in fact awarded a two level mitigating minor role adjustment. Therefore, to the extent that defendant seeks now to be awarded a minor role adjustment, his motion is moot. Furthermore, this Court, after reviewing defendant's PSI and hearing the arguments of the parties, denied defendant any further mitigating role adjustment. Therefore, to the extent defendant seeks to revisit that determination at this late date, well after his Judgment of

Conviction and sentence became final, his motion is barred by law of the case and *res judicata* principles. *Vintilla v. United States*, 931 F.2d 1444, 1447 (11th Cir. 1991); *United States v. Dean*, 752 F.2d 535, 540 n.14 (11th Cir. 1985).

## Conclusion

Wherefore, for all of the above reasons the United States respectfully requests that the defendant's motion be denied.

Respectfully submitted,

Guy A. Lewis
United States Attorney

BY: _____
Randy A. Hummel
Assistant United States Attorney
Florida Bar No. 0973378
99 NE 4th Street, Suite 500
Miami, Florida 33132
(305)961-9043
(305)536-7214 (fax)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 13th day of June, 2002 to: Fabio Ruiz, Registration No. 55394-004, Federal Correctional Complex Low P.O Box 1031, Coleman, Florida 33521-1032.

Randy A. Hummel
Assistant United States Attorney